Theodore A. GRANGER, t/a Asco-Associated Companies, Theodore A. Granger, Trustee, Plaintiff, and Citizens Bank and Trust Company, Intervening Plaintiff, Appellees,

v.

AETNA INSURANCE COMPANY, Centennial Insurance Company, Maryland Casualty Company, Union Assurance Society, Ltd., Westchester Fire Insurance Company, and State Capital Insurance Company, Appellants.

No. 9392.

United States Court of Appeals Fourth Circuit.

Argued June 11, 1964.

Decided April 28, 1965.

Robert C. Howison, Jr., and Sherwood H. Smith, Jr., Raleigh, N. C. (Joyner & Howison, Raleigh, N. C., on brief), for appellants.

. Charles F. Blackburn and Robert G. Kittrell, Jr., Henderson, N. C. (Perry, Kittrell, Blackburn & Blackburn, Henderson, N. C., on brief), for appellees.

Before HAYNSWORTH and BRYAN, Circuit Judges, and HEMPHILL, District Judge.

PER CURIAM.

This insurance controversy arises out of the collapse of a partially completed industrial building. The principal questions are whether the destruction of the building was caused by windstorm, a risk within the coverage of the policies, or by snow, an excluded risk, and whether the builder, to preserve the benefit of the insurance, was required during the construction process to meet certain building code requirements or other construction standards.

The building collapsed during a wind and snow storm. The plaintiffs' theory was that the extraordinary wind entered the building through the openings of the front wall, concentrating pressure against the inside frames and moving them out of place. This put additional stress on the support columns causing

them to kink and bend. The result was the collapse of the roof. The defendants' theory was that the roof first collapsed because of the weight of the snow upon it and the absence of sufficient lateral bracing of the steel frame. They reasoned that, despite the large openings left by the roof which was only partially in place, the roof in collapsing generated such internal air pressures that the rear wall was blown out, with the result that the partially complete pilasters struck the steel columns and buckled them.

In view of the evidence that the wind reached velocities of sixty miles per hour, or more, and its destruction of trees and utilities, we think there was ample evidence to support the jury's finding, in agreement with the testimony of the plaintiffs' expert witnesses, that the failure of the building was caused entirely by wind and neither directly nor indirectly by snow.

Complaint is made of the exclusion of certain evidence relating to building code requirements and good construction practices. The excluded evidence consisted of testimony indicating that certain lateral steel bracing had been omitted during construction and that it was needed if the structure was to meet the standard necessary for insurability. Put another way, the evidence was proffered to show that the collapse of the building was due to poor construction rather than windstorm.

However, the defendants' expert witnesses conceded that the building in the then stage of construction was thoroughly capable of withstanding winds reasonably to have been expected. If the presence of additional lateral steel bracing might have increased its resistance capacity, that circumstance does not detract from the finding that the cause of the building's failure was the very extraordinary windstorm, and that the building at this stage of construction would not have collapsed except in the presence of the extraordinary wind.

Therefore, the absence of the additional steel bracing, in the light of all the testimony, was no more than a static, contributing cause, or a pre-existing condition, which permitted the extraordinary wind to work its destruction more readily than it otherwise might. In any event, the building was capable of withstanding everything but extraordinary wind, and, since the snow, an excluded risk, has been found not to have been a contributing cause, the theoretical part played by the absence of additional steel bracing, which was not an excluded risk, could not defeat recovery. For the same reason the District Judge did not err in not charging the jury upon the absence or need for the bracing.

As we see no infirmity of proof or law in the verdict, we sustain the judgment approving it.

Affirmed.